T.C. Memo. 1999-267


UNITED STATES TAX COURT


SHANE MICHAEL OPTICAL, CO., A CALIFORNIA
CORPORATION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ELLIOTT SHANE AND ANN SHANE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 4426-98, 4431-98.    Filed August 9, 1999.


<u>Gino P. Cecchi</u>, for petitioners.

<u>Wendy Abkin</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  These cases have been consolidated for trial, briefing, and opinion.  Shane Michael Optical, Co. (Shane Michael) and Elliott and Ann Shane (collectively the Shanes)

separately petitioned the Court to redetermine respondent's determinations as to their 1993, 1994, and 1995 taxable years. Respondent determined that Shane Michael was liable for accuracy-related penalties under section 6662(a) of $2,091, $3,379, and $2,437, respectively, and that it was liable for a $1,704 addition to its 1994 tax under section 6651(a)(1). Respondent determined that the Shanes were liable for accuracy-related penalties under section 6662(a) of $5,653, $6,244, and $8,043, respectively, and that they were liable for a $1,557 addition to their 1994 tax under section 6651(a)(1).

Respondent concedes that none of petitioners are liable for the additions to tax. Thus, we are left to decide whether Shane Michael and the Shanes are liable for the accuracy-related penalties. We hold they are not. Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. When the Court filed the respective petitions, Shane Michael's legal address was in San Francisco, California, and the Shanes resided in San Mateo, California.

The Shanes are husband and wife, and they own all the stock of Shane Michael, a C corporation. At the time of trial, Mr. Shane was 81 years old. Shane Michael retails and wholesales optical merchandise, and its business requires that its salespersons travel frequently and worldwide. Shane Michael generally requires that its salespersons pay their travel, entertainment, and other business expenses out of pocket and seek reimbursement from it for those expenses.

Shane Michael and the Shanes use the same accounting firm to perform their accounting and tax work, and they have used this firm in each of the past 52 years. As relevant herein, the accounting firm reviews Shane Michael's records and prepares its financial statements and income tax returns. A bank/lender requires that the firm "review" Shane Michael's records every year. The firm also prepares the Shanes' personal income tax returns. Each year, Mr. Shane places his tax records in a desk drawer and, when tax time comes around, gives those documents to the accounting firm to prepare his personal tax returns. Mr. Shane relies on the firm to prepare his personal and corporate income tax returns correctly.

Shane Michael's tax returns for the subject years claim deductions totaling $1,697,206, $1,446,621, and $1,544,323, respectively. Of those amounts, respondent determined that Shane Michael could not deduct the following amounts claimed for travel, automobile, and insurance expenses because it lacked substantiation:

| Year | Travel | Automobile | Insurance | Total |
|------|--------|------------|-----------|-------|
| 1993 | $27,847 | $18,839 | $4,803 | $51,489 |
| 1994 | 27,847 | 22,014 | 8,031 | 57,892 |
| 1995 | 29,023 | 37,142 | 7,796 | 73,961 |

Shane Michael agrees with this determination.  With the exception of a $9,374 deduction for taxes claimed in 1995, respondent disallowed no other amount that Shane Michael reported as a deduction for the subject years.

Respondent also determined that the adjustment to Shane Michael's taxable income meant that the Shanes received constructive dividends of $51,849 in 1993, $57,892 in 1994, and $72,785 in 1995.  The Shanes agree with this determination, and they agree with another determination that, for each year in issue, they did not include in their gross income $37,500 of interest income received from Shane Michael.  Mr. Shane had lent money to Shane Michael before the subject years, and he received during the subject years interest on those loans.  Mr. Shane did not receive for the subject years a tax form reporting that he had received that interest.

Mr. Shane uses his automobile for business.  He also traveled on business worldwide and frequently up until the spring of 1993 when he was diagnosed with cancer and began receiving medical treatment.  At that time, Mr. Shane also stopped keeping an expense log which, in previous years, he gave to Shane Michael's bookkeeper for reimbursement of his business expenses and to his accountant to prepare the Shanes' personal income tax returns.  Shane Michael continued to pay Mr. Shane an expense

allowance after he stopped traveling, including the amount thereof in the checks that it would give him every month for his services and for his reimbursed expenses.

The accounting firm never advised Shane Medical or the Shanes on the difference or distinction between a personal and a business expense.

OPINION

Respondent determined that the underpayments stemming from the income adjustments mentioned above were due to negligence, and, accordingly, that all of petitioners were liable for accuracy-related penalties under section 6662(a). Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable to negligence.

Petitioners must prove this determination wrong. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioners must prove that they made a reasonable attempt to comply with the provisions of the Internal Revenue Code, and that they were not careless, reckless, or in intentional disregard of rules or regulations. See sec. 6662(c).

We believe that both Shane Medical and the Shanes have disproved respondent's determination of negligence. A taxpayer is not negligent when the taxpayer relies reasonably on a tax adviser for tax advice. Reasonable reliance occurs when:

(1) The adviser has sufficient expertise to justify reliance, (2) the taxpayer provides necessary and accurate information to the adviser, and (3) the taxpayer actually relies in good faith on the adviser's judgment.  See, e.g.,  Ellwest Stereo Theatres, Inc. v. Commissioner, T.C. Memo. 1995-610.  Such is the case here.  Mr. Shane is an elderly man, and both he and Shane Michael relied reasonably on their longtime accounting firm to prepare their tax returns correctly.  Although respondent ultimately disallowed a small portion of Shane Michael's deductions as unsubstantiated, we do not believe that Shane Michael was negligent in claiming those deductions.  Nor do we believe that the Shanes were negligent when they failed to report the dividends that resulted from respondent's disallowance of those deductions, or the interest that Mr. Shane received from Shane Michael.

We have considered all arguments by respondent for contrary conclusions, and, to the extent not discussed above, find them to be without merit.

Decisions will be entered

for petitioners.